# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>JOSHUA DAVID GESS,<br><br>　　　　　　　　Defendant. | CR-22-46-GF-BMM<br><br>**ORDER** |

Defendant Joshua David Gess has moved for early termination of his current term of supervised release. (Doc. 48.) The Court conducted a hearing on Gess's motion on October 2, 2024. (Doc. 51.) The Government does not oppose the motion. (*Id.*) The Court advised Gess that the Court would grant Gess's motion on January 2, 2025, if Gess remained violation free. The Court now grants Gess's motion.

Gess pleaded guilty to felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (Doc. 49 at 1.) The District of Colorado sentenced Gess to the custody of the Bureau of Prisons on July 23, 2021, for a term of 35 months with 3 years of supervised release to follow. (*Id.*) Gess began his term of supervised release on April 22, 2022. (*Id.* at 1–2.) This Court accepted jurisdiction on June 6, 2022. (Doc. 1.)

Federal law authorizes a defendant to move for termination of their supervised release after successfully completing one year if the Court is satisfied that such action remains "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). The Court must consider the factors in 18 U.S.C. § 3553(a) when evaluating whether to terminate a term of supervised release.

The Court finds that the factors in 18 U.S.C. § 3553(a) support an early termination of Gess's supervised release. Adequate punishment has been imposed that reflects the seriousness of Gess's offense. Gess was sentenced to 35 months in prison followed by 36 months of supervised release. (Doc. 49 at 1.) Gess has completed just over two years (70%) of his supervised release term. (*Id.* at 6.) Gess is scheduled to be discharge from supervised release on April 22, 2025. (*Id.* at 1–2.)

Adequate deterrence also appears to have been achieved. Gess has had no reported violations, and his Probation Officer states that he "is not sure wat else probation can really do . . . especially since Joshua has severe health issues and continues to see a counselor on his own. (*Id.* at 2.) Further supervision appears unnecessary to protect the public from further criminal behavior by Gess.

Gess's programming and correctional needs also appear to have been met. Cox has completed all the conditional requirements of his supervision. (Doc 89 at 3.) He has reintegrated into his community by maintaining steady employment, stable housing, and working to build and sustain healthy relationships with his two

children. (*Id.* at 2–3; Doc. 89-2 at 2–6.) The early termination of Cox's supervised release comports with the § 3553(a) factors and proves "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e).

Accordingly, **IT IS HEREBY ORDERED** that Cox's Motion for Early Termination of Supervised Release (Doc. 48) is **GRANTED**.

DATED this 2nd day of January, 2025.

_____
Brian Morris, Chief District Judge
United States District Court

3